IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. CR-01-15-FHS |
| | ) |
| BOBBY LAMONE SANDERS, | ) |
| | ) |
| Defendant. | ) |

**ORDER AND OPINION**

On September 11, 2009, Defendant, Bobby Lamone Sanders, filed a Petition/Demand for Information, Inspection/Reproduction of all Criminal Petit and Grand Jury Records, and Papers Compiled/Maintained by Jury Commission or Clerk (Doc. No. 24) pursuant to the Jury Selection and Service Act of 1968 ("Jury Act"), 28 U.S.C. § 1861 *et seq.* Defendant contends he has a right to review these records for the last four years to determine the validity of the selection of grand and/or petit juries. Having considered Defendant's request and the Government's response (Doc. No. 27), the Court finds Defendant's request should be denied.

Defendant was indicted on March 14, 2001, on five firearms-related offenses. On April 30, 2001, a jury was selected, but not sworn, and the trial was continued until May 14, 2001. Before the commencement of the trial on May 14, 2001, Defendant and the government reached a plea agreement. On May 14, 2001, Defendant pled guilty to three of the charges pursuant to Fed.R.Crim.P. 11(e)(1)(C). On August 15, 2001, Defendant was sentenced to a term of imprisonment of 180 months on two of the counts, and 120 months, to be served consecutively, on the remaining count.

1

Under section 1867(f) of the Jury Act, litigants have "essentially an unqualified right to inspect jury lists," Test v. United States, 420 U.S. 28, 30 (1975), in order to properly mount a jury challenge aimed at insuring that "grand and petit juries [are] selected at random from a fair cross section of the community." 28 U.S.C. § 1861. The procedures set forth under section 1867 of the Jury Act govern such challenges by criminal defendants. 28 U.S.C. § 1867(e) ("the procedures prescribed by this section shall be the exclusive means by which a person accused of a Federal crime . . . may challenge any jury on the ground that such jury was not selected in conformity with the provisions of this title."). Time constraints are imposed under section 1867(a), which requires a defendant seeking to challenge the selection of a grand or petit jury, for substantial failure to comply with the Jury Act, to move to dismiss the indictment or stay the proceedings against him "before the voir dire examination begins, or within seven days after the defendant discovered or could have discovered, by the exercise of diligence, the grounds thereof, whichever is earlier." 28 U.S.C. § 1867(a). Defendant's request made more than eight years after the voir dire examination in his case is therefore not timely. Defendant's jury was selected on April 30, 2001, and the applicable deadline for a challenge by Defendant to either the grand or petit juries would have run no later than that date - the date of the voir dire examination. Consequently, any challenge now sought to be raised by Defendant in his September 11, 2009, application (with the assistance of the jury selection records and papers sought therein) is not timely pursuant to the time limitation imposed by 28 U.S.C. § 1867(a). See United States v. Jasper, 523 F.2d 395, 398 (10th Cir. 1975)(enforcing time limitation under 28 U.S.C. § 1867 for attacking composition of jury), cert. denied, 423 U.S. 1075 (1976).

Defendant's request is also subject to denial for his failure comply with the provision of the Jury Act requiring a defendant seeking access to jury selection records and papers to submit "a sworn statement of facts which, if true, would constitute a substantial failure" of the Court to comply with the provisions of the Jury Act.  28 U.S.C. § 1867(d).  Defendant has wholly failed to satisfy this threshold requirement for access to the requested documents.  See Jasper, 523 F.2d at 398 (recognizing procedural requirement of 28 U.S.C. § 1867(d) for challenging jury composition of filing "sworn statement of facts establishing a substantial failure to comply with the Act.").  Finally, the Court finds Defendant's request is subject to denial because the documents sought – grand and petit jury records for the years 2006 through 2009 – have no relevance to any jury, grand or petit, involved in Defendant's 2001 prosecution.

Based on the foregoing reasons, Defendant's Petition/Demand for Information, Inspection/Reproduction of all Criminal Petit and Grand Jury Records, and Papers Compiled/Maintained by Jury Commission or Clerk (Doc. No. 24) is denied.

It is so ordered this 14th day of October, 2009.

Frank H. Seay
United States District Judge
Eastern District of Oklahoma